IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:08cv188

| | | |
|---|---|---|
| WILDERNESS THERAPEUTIC SERVICES OF GEORGIA, LLC; and ASHEVILLE HOUSE, LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| Vs. | ) ) | ORDER |
| PHOENIX OUTDOOR, LLC; and ASPEN YOUTH, INC., | ) ) ) ) | |
| Defendants. | ) ) | |

**THIS MATTER** is before the court upon defendants' Motion to Dismiss (#10), plaintiffs' Motion to Amend (#13), and plaintiffs' Amended Complaint (#16). Plaintiffs have also combined a notice of withdrawal of their Motion to Amend with their reply to defendants' response to plaintiffs' Motion to Amend.

Without doubt, unilateral amendment of the Complaint is permitted where defendants' move to dismiss but do not answer. Fed.R.Civ.P. 15(a). It is equally clear that by filing the Amended Complaint, the defendants' Motion to Dismiss becomes moot. Taylor v. Abate, 1995 WL 362488, *2 (E.D.N.Y.1995)[1]

---

[1] Due to the limits of ECF, copies of unpublished decisions cited in this Order are incorporated into the court record through reference to the Westlaw

-1-

("Defendants' motion to dismiss is addressed solely to the original complaint.... Consequently, upon the filing of the amended complaint, their motion is mooted and, therefore, denied."); In re Colonial Ltd. Partnership Litig., 854 F.Supp. 64, 80 (D.Conn.1994) (noting where "a plaintiff amends its complaint while a motion to dismiss is pending" the court may "deny[ ] the motion as moot"); Rathke v. HCA Management Co., Inc., 1989 WL 161431, at *1 n. 1 (D.Kan.1989) (holding that "motion to dismiss ... became moot when plaintiff filed an amended complaint"); Gresham v. Waffle House, Inc., 586 F.Supp. 1442, 1444 n. 1 (N.D.Ga.1984) (same).

\* \* \*

The procedure employed in this case has left the court with three concerns:

**(1)   Wasted Judicial Resources**

As discussed above, counsel for plaintiffs has certainly filed the Amended Complaint in a manner that conforms with law. However, by waiting until 10 days after the Motion to Dismiss was fully briefed to amend their complaint, plaintiffs wasted three days of court time that was consumed in writing a 26 page Memorandum and Recommendation on the Motion to Dismiss. Such brief involved extensive research and was being prepared for entry the same day the Amended Complaint was filed. While the court does not blame plaintiffs for filing the Amended Complaint,

---

citation.

plaintiffs should have well known that this court takes up dispositive motions for review as soon as they become ripe inasmuch as the expectations of the district court not only apply to counsel, they apply to all judicial employees. By devoting three days to this case, the court deferred consideration of other cases, at least one of which was being handled by counsel for plaintiffs' firm.

**(2)   Arbitration**

While the Amended Complaint appears to address a number of the concerns argued in the Motion to Dismiss, the centerpiece of the Motion to Dismiss has not been fully addressed - - arbitration. In what has now been denominated as the "First Claim for Relief: Refusal to Arbitrate," plaintiffs again attempt to assert a claim for "Arbitration."[2] At paragraph 40 of the Amended Complaint, plaintiffs now make a demand that the court compel arbitration and stay this action. Plaintiffs have failed, however, to put such "claim for relief" in the form of a <u>Motion to Compel Arbitration and Stay Action</u>." By placing such as a demand in the text of the Amended Complaint, plaintiffs have failed to put the request in a form that can form the basis of an interlocutory court Order, to wit, a motion, as required by Rule 7(b)(1).

It is undisputed that the Asset Purchase and Sale Agreement, annexed to both

---

[2]   While it is certainly within the scope of Rule 8(a)(3) to include a demand for the alternative relief of arbitration in the *ad damnum* clause of the Complaint, it is not appropriate to express arbitration as a cause of action under Rule 8(a)(2) as it simply is not a "cause of action."

the Complaint and the Amended Complaint, provides for arbitration and, after a period of "good faith" negotiation, provides that "either party may, by written notice to the other, demand arbitration of the matter . . . ." Asset Purchase and Sale Agreement, at 14.7. Just as with the original Complaint, plaintiffs have failed to accompany the Amended Complaint with a simple Motion to Compel Arbitration and Stay Action.

This requirement of filing a Motion to Compel is <u>required</u> by the Federal Arbitration Act (hereinafter "FAA"), which is in turn applicable to <u>all</u> cases filed in this court. The FAA provides, in relevant part, as follows:

> **§ 3. Stay of proceedings where issue therein referable to arbitration**
>
> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, <u>shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration</u>.

9 U.S.C. § 3 (emphasis added). Applying federal law, the court, once it finds a matter arbitrable, has no authority to further review issues:

> It is a well-established principle under the law governing arbitration that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed to submit."

> United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582 (1960). Therefore, the question of arbitrability, whether a particular issue or dispute is subject to resolution by arbitration, is an issue a party has an absolute right to have adjudicated. AT & T Tech., Inc. v. Communications Workers, 475 U.S. 643 (1986). As a matter of contract law, it is also an issue for the courts. Id. Once a court has found an issue to be arbitrable, however, it has no power to either interpret the agreement in other respects or review the merits of any subsequent award. United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 596 (1960). This principle of nonreviewability also extends to questions of a party's compliance with any procedural requirements imposed by the agreement which act as a condition precedent to arbitration. John Wiley & Sons, Inc., v. Livingston, 376 U.S. 543, 557-58 (1964). Thus, the general rule is that procedural questions which grow out of the parties' agreement should be left to the arbitrator.

Cohen v. E.F. Hutton & Co., Inc, 1989 WL 157928 (N.D. Ill. 1989).

In its responsive brief, plaintiffs went so far as to argue that this court should not address the motions to dismiss inasmuch as what claims are stated is an issue for the arbitrator. The court fully agrees with such argument, but the court simply cannot defer to a tribunal which has not yet been properly invoked. Thus, this court is confounded by the lack of a motion by either party to compel arbitration. Rather than await the inevitable motion to dismiss - - and a possible further wasting of court time - - the court will now call the case for a show cause hearing. At that hearing, respective counsel shall show cause why they have not filed a Motion to Compel Arbitration and Stay this Litigation.

### (3) Electronic Filing

Finally, the court must direct its attention to the method of plaintiffs' filings in this matter. The formatting of plaintiffs' briefs has been contrary to Rule 7.1(D), as defendants point out in their Reply. The net result is that the small type and the proportionately small line spacing make their pleadings difficult to read.

More importantly, the *method* of e-filing employed by plaintiffs (e-copying rather than converting documents to PDF) prevents the court from employing useful and time saving tools. Clearly, defendants have had no difficulty filing their documents in a manner that makes them electronically useful. One of the most useful tools of ECF, which is PDF driven, is the ability to search for key words in filed documents. By filing e-copied documents, the court simply cannot go to the heart of issues. The method employed by plaintiffs would be akin to Westlaw only posting up photos of decisions in which words are not searchable. Based on the professionalism of plaintiffs' counsel and their firm, and the volume of cases they have pending in this court at any given time, the court is certain that these concerns will be remedied in future filings.[3]

---

[3] Counsel for plaintiffs may be unaware of the concern inasmuch as the Amended Complaint was also filed in a manner that makes the text of little electronic use.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendants' Motion to Dismiss (#10) and plaintiffs' Motion to Amend (#13) are **DENIED** without prejudice as **MOOT.**

A **SHOW CAUSE** hearing is calendared for Friday, August 8, 2008, at 12 noon in Asheville, at which all counsel shall appear and explain why no party has filed a Motion to Compel Arbitration and Stay Action.

Signed: July 25, 2008

Dennis L. Howell
United States Magistrate Judge