IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:08cv188

| | | |
|---|---|---|
| WILDERNESS THERAPEUTIC SERVICES OF GEORGIA, LLC; and ASHEVILLE HOUSE, LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| Vs. | ) ) | ORDER |
| PHOENIX OUTDOOR, LLC; and ASPEN YOUTH, INC., | ) ) ) ) | |
| Defendants. | ) ) | |

**THIS MATTER** is before the court upon plaintiffs' Motion to Compel Arbitration and Stay Action (#19), which has been fully briefed. The court withheld decision on such motion pending early mediation, which reached an impasse on September 19, 2008.

The agreement underlying this dispute contains an arbitration provision, which clearly requires that the disputes between these parties be arbitrated. Federal courts do not hesitate to enforce a bargained-for arbitration agreement. Moses H. Cone Memorial Hosp. V. Mercury Construction Corp., 460 U.S. 1 (1983). Prompt court enforcement of arbitration agreements is the linchpin of Title 9, United States Code,

-1-

Section 2.

Section 2 of Title 9 governs the effect of a "contractually agreed-upon arbitration provision," but state law prevails on general principles concerning contract formation. Supak & Sons Mfg. Co., Inc. v. Pervel Indus. Inc., 593 F.2d 135 (4th Cir. 1979). In the 29 years since Supak, both the United States Supreme Court and the Court of Appeals for the Fourth Circuit have indicated a strong preference for arbitration:

> Whether a party has agreed to arbitrate an issue is a matter of contract interpretation: "[A] party cannot be required to submit to arbitration any dispute which it has not agreed so to submit." Nevertheless, the Supreme Court has announced its "Healthy regard for the federal policy favoring arbitration" and has explained that the Federal Arbitration Act . . . "establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability."

American Recovery Corp. v. Computerized Thermal Imaging, Inc., 96 F.3d 88, 92 (4th Cir. 1996) (*quoting* United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582 (1960), and Moses H. Cone Memorial Hosp. v. Mercury Constr. Co., 460 U.S. 1, 24-25 (1983)). Interpretation of the contract is governed by state law, and federal law requires that ambiguities or doubts in a contract be construed in favor of arbitration. McKee v. Home Buyers Warranty Corp. II, 45 F.3d 981, 984 (5th Cir. 1995).

The FAA further provides that "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration" may apply or petition for an order compelling arbitration. 9 U.S.C. section 4. The subject Asset Purchase and Sale Agreement, at 14.7, provides for arbitration of the parties' disputes, including plaintiffs' claims in this action and to stay a proceeding pending the arbitration of "any issue referable to arbitration under an agreement in writing for such arbitration." Cara's Notions, Inc. v. Hallmark Cards, Inc., 140 F.3d 566, 569 (4th Cir. 1998).

Despite arguments to the contrary, a simple and plain reading of the contract at issue here contains no ambiguities and leaves no doubt but that plaintiffs and defendants agreed to binding arbitration for resolving any claims that may arise from such transaction. Further, there has been no argument that the contract itself was entered into improperly or that it was secured through unconscionable means including fraudulent inducement. Section 3 of the Federal Arbitration Act provides, as follows:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the

applicant of the stay is not in default with such arbitration.

9 U.S.C. § 3. The undersigned will, therefore, compel arbitration and stay this action pending arbitration.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiffs' Motion to Compel Arbitration and Stay Action (#19) is **ALLOWED**, and this action is referred to arbitration. Pending completion of arbitration all proceedings in this matter and any outstanding deadlines are **STAYED**. Respective counsel shall file quarterly reports with the court concerning the status of arbitration, beginning January 2, 2009.

Signed: October 16, 2008

Dennis L. Howell
United States Magistrate Judge